# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANNY RAY ALLEN,**

    **Plaintiff,**

    v.                                                                                Case No. 08-C-31

**RONALD MALONE,**

    **Defendant.**

## DECISION AND ORDER ON MOTION FOR SUMMARY JUDGMENT

The plaintiff, Danny Allen, who is no longer in custody, is proceeding pro se under 42 U.S.C. § 1983, claiming that his constitutional rights were violated while he was confined in the Milwaukee County Jail. The plaintiff is proceeding on an Eighth Amendment conditions of confinement claim alleging mold, insect infestation, and inadequate ventilation in the bathroom area of his dormitory, as set forth in the original complaint filed on January 10, 2008 and supplemented by the two-paragraph amended complaint filed on April 14, 2008. The defendant filed a motion for summary judgment on December 1, 2008. In response, the plaintiff filed a document captioned "Answer to Defendants Motion for Summary Judgment and Interlocutory Motion for Summary Judgment."

The court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter arises under federal statutes. Venue is proper under 28 U.S.C. § 1391. The case was assigned to the Honorable Rudolph T. Randa, according to the random assignment of civil cases pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72.1 (E.D. Wis.). The parties consented to United

States magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c) and General Local Rule 73.1 (E.D. Wis.), and the case was transferred to this court. (Docket No. 32).

## I. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is required "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The mere existence of some factual dispute does not defeat a summary judgment motion; "the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). For a dispute to be genuine, the evidence must be such that a "reasonable jury could return a verdict for the nonmoving party." Id. For the fact to be material, it must relate to a dispute that "might affect the outcome of the suit." Id.

Although summary judgment is a useful tool for isolating and terminating factually unsupported claims, Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986), courts should act with caution in granting summary judgment, Anderson, 477 U.S. at 255. When the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law, summary judgment must be denied. Id. at 248.

The moving party bears the initial burden of demonstrating that he is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 323. Where the moving party seeks summary judgment on the ground that there is an absence of evidence to support the nonmoving party's case, the moving party may satisfy its initial burden simply by pointing out the absence of evidence. Id. at 325. Once the moving party's initial burden is met, the nonmoving party must "go beyond the pleadings" and designate specific facts to support each element of the cause of action, showing a genuine issue for

2

trial. Id. at 323-24.  Neither party may rest on mere allegations or denials in the pleadings, Anderson, 477 U.S. at 248, or upon conclusory statements in affidavits, Palucki v. Sears, Roebuck & Co., 879 F.2d 1568, 1572 (1989).  In evaluating a motion for summary judgment, the court must draw all inferences in a light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  However, it is "not required to draw every conceivable inference from the record - only those inferences that are reasonable."  Bank Leumi Le-Israel, B.M. v. Lee, 928 F.2d 232, 236 (7th Cir. 1991).

## II. FACTS

Plaintiff Allen served a nine month sentence in the Milwaukee County House of Correction, and was housed in Dorm N6 for the latter part of his sentence, from sometime in June of 2007 until his release on January 10, 2008.  The sole defendant in this case is Ronald Malone, who was the Superintendent of the Milwaukee County House of Correction during the plaintiff's incarceration. The bathroom area of Dorm N6 did not drain properly during showers, had peeling paint, was infested with "small black flying bugs," and was moldy, preventing proper ventilation.  (Original Complaint at 3-4.)  As a result of these conditions, the plaintiff suffered dryness in his throat every night during his incarceration, as well as tightness in his chest.  (Id.)

The plaintiff complained about the conditions to Officer Rose and to nurses at the House of Correction. (Allen Deposition, at 33-36.)  The plaintiff asked to be transferred to another dormitory, but was told that the library workers would remain in Dorm N6, and chose to accept this because he wanted to keep his job as a library porter.  (Id. at 36.)  The plaintiff did not file any written complaint about the dormitory conditions until sometime in December of 2007, about one month before he was released.  (Id., at 31.)

3

After his release, the plaintiff testified at his deposition that he continues to experience painful tightness in his chest about two or three times per month but manages the pain himself without taking medication and has not sought treatment for it, although he receives other medical treatment through the Veterans Administration in the Atlanta area. (Id., at 43-46.) The plaintiff also testified that while he believed defendant Malone was responsible for the conditions at the House of Corrections, he "cannot say with certainty that he was aware" of the conditions. (Id., at 47.) In addition, the plaintiff testified that he never tried to communicate with defendant Malone, and that defendant Malone "had no personal involvement" in the plaintiff's situation. (Id., at 47-48.)

### III. ANALYSIS

The defendant seeks summary judgment based upon both the plaintiff's failure to establish a sufficiently serious deprivation, and the defendant's lack of personal involvement in the deprivation. The defendant notes that the plaintiff never received medical treatment for his symptoms related to the dormitory conditions, even after his release from custody when he received other medical treatment from the Veterans Administration. The defendant also notes that the plaintiff chose to remain in his dormitory assignment because he wished to retain his library job, rather than resigning his library position in hopes of being transferred to a different dormitory. The defendant argues that the plaintiff's ailments resulting from the dormitory conditions are minor, and that the plaintiff did not suffer a significant deprivation. In addition, the defendant argues that the plaintiff admits suing him only due to his position as superintendent, and that this is an insufficient basis for liability as respondeat superior does not apply in § 1983 cases.

In response on December 18, 2008, the plaintiff filed a document captioned "Answer to Defendants Motion for Summary Judgment and Interlocutory Motion for Summary Judgment." On

4

the second page of this filing, the plaintiff writes "defendant Ronald Malone Superintendent of the Milwaukee County House of Corrections, have known of inmates exposure to bathroom conditions and having done nothing, indeed ignored, the substandard health condition at the House of Correction." The plaintiff also complains that he received an incomplete copy of the affidavit submitted by defense counsel, and states that he lacks resources to purchase a complete copy. (The plaintiff seems to be alluding to the fact that counsel attached selected pages of the plaintiff's deposition, rather than the entire deposition transcript.) Accordingly, the plaintiff requested a continuance for 30 days "to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken" and also "prays the court for Interlocutory Summary Judgment." (Plaintiff's Response Brief at 3.)

In reply, defense counsel filed a letter on January 8, 2009, declining to file a response brief, because "the plaintiff did not raise any issue of substance." No further filings have been received from either party. The plaintiff's request for a continuance is therefore moot, as several months have passed in addition to the 30 days requested, and the plaintiff has neither submitted any additional materials for the court's consideration, nor indicated how specific additional materials would be relevant to the pending motion for summary judgment. Accordingly, the defendant's motion for summary judgment will be evaluated on the record now before the court.

To establish an Eighth Amendment claim based on inadequate conditions of confinement, an inmate must show that (1) the conditions were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. Townsend v. Fuchs, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted). The plaintiff in

this case asserts that the mold and bugs in the bathroom area prevented proper ventilation and caused him to experience "dryness" in his throat and "tightness" in his chest. However, he has not presented any evidence that these problems result from the conditions of his confinement. See Dixon v. Godinez, 114 F.3d 640, 643 (7th Cir. 1997) (holding that inmate's "conclusory allegations, without backing from medical or scientific sources, that the rank air exposed him to diseases and caused respiratory problems" were properly dismissed at summary judgment). Even if the plaintiff could establish that these symptoms were due to the conditions of his incarceration, they appear to be minor afflictions, as the Court of Appeals for the Seventh Circuit has recognized in another case involving similar symptoms:

> the injuries of which Henderson complains – breathing problems, chest pains, dizziness, sinus problems, headaches and a loss of energy – are, objectively speaking, relatively minor. While we do not doubt that these ailments caused him some distress and discomfort, they are not the sort of objectively serious injury or medical need that amounts to a denial of "the minimal civilized measure of life's necessities," . . . these sorts of injuries are not sufficiently serious to be constitutionally actionable.

Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir. 1999) (internal citations omitted).

The Seventh Circuit has recognized "that a constitutional right to adequate ventilation exists" and that pest infestations may violate the Eighth Amendment under certain conditions. Board v. Farnham, 394 F. 3d 469, 487 (7th Cir. 2005) (summary judgment properly denied where flow of black fiberglass dust into cells caused numerous nosebleeds and exacerbated inmate's serious asthma condition, resulting in hospitalization); Sain v. Wood, 512 F.3d 886, 894 (7th Cir. 2008) (several cockroaches in cell and two cockroach bites during six-year confinement not a constitutional violation); Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996) (inmate stated a claim where for sixteen months he was constantly awakened by cockroaches and mice crawling on his body).

6

However, "extreme violations are required to make out a conditions-of-confinement claim." Hudson v. McMillian, 503 U.S. 1, 9 (1992). The plaintiff's statement that the bathroom area was moldy, improperly ventilated, and home to small flying bugs does not establish "extreme" or "objectively serious" deprivation. See Christopher v. Buss, 384 F.3d 879, 882 (objectively serious risk "is one that society considers so grave that to expose any unwilling individual to it would offend contemporary standards of decency").

Furthermore, even if the plaintiff could show that these conditions were constitutionally inadequate, he has not presented any evidence that the defendant was deliberately indifferent to them. Prison officials are deliberately indifferent to deprivations suffered by inmates if they have knowledge of a condition but refuse to take steps to correct it. Dixon v. Godinez, 114 F.3d 640, 645 (7th Cir. 1997). In his deposition, the plaintiff conceded that he "cannot say with certainty that [defendant Malone] was aware" of the conditions, and also stated that defendant Malone "had no personal involvement" in the plaintiff's situation. (Allen Dep., at 47-48.) A plaintiff need not always provide direct evidence of the defendant's knowledge, which may sometimes "be established by inference from circumstantial evidence, including evidence that the risk was so obvious that a jury may reasonably infer actual knowledge on the part of the defendants." Vinning-El v. Long, 482 F.3d 923, 924 (7th Cir. 2007) (jury could infer that prison guards working near segregation cells were aware of obvious conditions such as cell floors covered with water and no mattresses to sleep on). However, the plaintiff provides no evidence suggesting that the defendant worked in proximity to the bathroom facilities in Dorm N6, and states that he neither saw the defendant nor complained to him. The plaintiff assumes that the defendant must have been aware of the continuing poor bathroom conditions in Dorm N6 simply because he was the superintendent. This conclusory

7

allegation does not meet the plaintiff's responsibility at summary judgment to "go beyond the pleadings" and designate specific facts showing a genuine trial issue. Celotex Corp., 477 U.S. at 323-24; see also Chavez v. Cady, 207 F.3d 901, 906 (7th Cir. 2000) ("In order to be held liable a supervisor must know about the situation and approve of it. He cannot be liable if he is merely negligent in failing to detect and prevent his subordinates' misconduct.").

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion for summary judgment (Docket No. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's "Interlocutory Motion for Summary Judgment" (Docket No. 32) is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay the $343.00 balance of the filing fee to the Clerk of Court, clearly labeled with the case name and number.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

The clerk shall enter judgment dismissing the complaint against all defendants and this action.

Dated at Milwaukee, Wisconsin this 20th day of August, 2009.

BY THE COURT:

s/AARON E. GOODSTEIN
United States Magistrate Judge